**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RYAN SELTZ** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | )   **Civil Action No.** |
| **vs.** | ) |
| | ) |
| **CUSHMAN & WAKEFIELD, INC.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**CUSHMAN & WAKEFIELD, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446, Defendant Cushman & Wakefield, Inc. ("Cushman"), files this Notice of Removal to remove this civil action from the Superior Court for the District of Columbia, wherein it was filed as Case No. 2018 CA 004710 B, to the United State District Court for the District of Columbia. The grounds for removal are as follows:

**I.   BACKGROUND**

1. On or about July 3, 2018, Plaintiff Ryan Seltz ("Plaintiff") filed a Complaint in the Superior Court for the District of Columbia, in the civil action styled *Ryan Seltz v. Cushman & Wakefield, Inc.*, Case No. 2018 CA 004710 B (the "State Court Action"). A true and correct copy of all process and pleadings served upon Cushman is attached hereto as **Exhibit A** and incorporated herein by reference. The Complaint alleges violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*, the District of Columbia ("D.C.") Minimum Wage Act (the "DCMWA"), D.C. Code §§ 32-1001 *et seq.*, and the D.C. Wage Payment and Collection Law (the "DCWPCL"), D.C. Code §§ 32-1301 *et seq.*

2. Cushman was served with the Complaint and Summons on August 16, 2018 and has timely filed this removal within thirty days in accordance with 28 U.S.C. § 1446(b)(3).

3. The United States District Court for the District of Columbia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the State Court Action was filed and is pending.

## II.  FEDERAL QUESTION JURISDICTION

4. Plaintiff alleges claims under the FLSA. (Compl. ¶¶ 62-70.) Therefore, federal question jurisdiction exists over Plaintiff's claims under 28 U.S.C. § 1331 because the resolution of Plaintiff's claims will require adjudication of disputed questions of federal law. *See Breuer v. Jim's Concrete of Brevard, In*c., 538 U.S. 691, 123 S. Ct. 1882, 155 L. Ed. 2d 923 (2003); *Rios v. ABC Imaging of Washington, Inc*., No. CIV.A. 12-1065 RWR, 2012 WL 5379148, at *1 (D.D.C. Oct. 31, 2012) (court had federal question jurisdiction over plaintiff's Title VII and FLSA claims).

5. To the extent the Complaint alleges nonfederal statutory or other claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under the FLSA and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). *See also Rios*, 2012 WL 5379148, at *2 (court had supplemental jurisdiction over plaintiff's DCWPCL claim because state law claim formed part of the same case or controversy that arose under plaintiff's FLSA claim).

6. Because Plaintiff's FLSA claims arise under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)-(c).

## III.  DIVERSITY JURISDICTION

7. Removal of this action is appropriate because diversity jurisdiction exists under 28 U.S.C. § 1332. Cushman and Plaintiff are citizens of different states and the amount in controversy exceeds $75,000.

8.  In a putative class action, the citizenship of the named plaintiff is controlling. The citizenship of putative class members who are not designated representatives is irrelevant to the jurisdictional inquiry. *Snyder v. Harris*, 394 U.S. 332, 340, 89 S.Ct. 1053, 1058, 22 L.Ed.2d 319 (1969); *Supreme Tribe of Ben–Hur v. Cauble*, 255 U.S. 356, 366, 41 S.Ct. 338, 65 L.Ed. 673 (1921); *Nat'l Bank of Washington v. Mallery*, 669 F. Supp. 22, 25 (D.D.C. 1987).

9.  Plaintiff is a resident of Washington, DC. (Compl. ¶ 12.) Cushman is a New York corporation with its principal place of business in Illinois. (Compl. 19.)

10. Among other relief, Plaintiff seeks damages in an amount no less than $228,000. *See* Exhibit A.

11. In alleging the amount in controversy for the purpose of removal, Cushman does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff and/or any putative class members were misclassified as non-exempt or worked for Cushman without receiving all legally required compensation, that Cushman committed any of the wrongful acts alleged in the Complaint, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate. Nor does Cushman concede that Plaintiff's proposed classes are properly defined or that class certification is appropriate.

## IV.  OTHER REMOVAL PREREQUISITES

12. A copy of this Notice of Removal is being filed with the Clerk of the Court in the State Court Action, as provided by law, and written notice of such is being sent to Plaintiff's counsel.

13. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14. The allegations in this Notice are true and correct within the jurisdiction of the Court, and this cause is removable to this Court.

15. If any question arises as to the propriety of the removal of this action, Cushman respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Cushman, desiring to remove this case to the United States District Court for the District of Columbia, being the district and division of said Court for the county in which the State Court Action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Dated:  September 6, 2018               Respectfully submitted,

                                                By:   /s/ Margaret Inomata
                                                       Margaret Inomata
                                                       Vedder Price P.C.
                                                       1401 I Street NW, Suite 1100
                                                       Washington, DC 20005
                                                       T:  +1 202 312 3320
                                                       F:  +1 202 312 3322
                                                       minomata@vedderprice.com

                                                       Joseph Mulherin (application to appear *pro hac vice* forthcoming)
                                                       Vedder Price P.C.
                                                       222 N. LaSalle Street
                                                       Chicago, IL
                                                       T:  +1 312 609 7500
                                                       F:  +1 312 609 5005
                                                       jmulherin@vedderprice.com

                                                       *Attorneys for Defendant*
                                                       *Cushman & Wakefield, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 6th day of September, 2018, I caused the foregoing Notice of Removal to be served via electronic mail and U.S. Mail upon the following:

>Sally J. Abrahamson
>Outten & Golden LLP
>601 Massachusetts Ave., NE
>Second Floor West Suite
>Washington, DC 20001
>(202) 847-4400
>sabrahamson@outtenholden.com
>
>Justin M. Swartz
>Deirdre Aaron
>685 Third Ave., 25th Floor
>New York, NY 1017
>(212) 245-1000
>jms@outtengolden.com
>daaron@outtengolden.com
>
>Gregg I. Shavitz
>Shavitz Law Group, P.A.
>951 Yamato Road, Suite 285
>Boca Raton, FL 33431
>(561) 447-8888
>gshavitz@shavitzlaw.com
>
>*Attorneys for Plaintiff Ryan Seltz*

/s/ Margaret Inomata_____
Margaret Inomata