# EXHIBIT A

**Filed**
**D.C. Superior Court**
**08/29/2018 16:20PM**
**Clerk of the Court**

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(Civil Actions Branch)

| | |
|---|---|
| RYAN SELTZ<br>c/o Outten & Golden LLP<br>601 Massachusetts Ave. NW, Suite 200W<br>Washington, D.C. 20001<br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CUSHMAN & WAKEFIELD, INC.<br>225 W. Wacker Drive<br>Suite 300<br>Chicago, IL 60606<br><br>　　　　　　　　　　　Defendant. | CLASS AND COLLECTIVE<br>ACTION COMPLAINT<br><br>Case No. ___2018 CA 004710 B |

Plaintiff Ryan Seltz ("Plaintiff"), individually and on behalf of all others similarly

situated, by his attorneys at Outten & Golden LLP and Shavitz Law Group, P.A., allege, upon

personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1.　　　This lawsuit seeks to recover overtime compensation for Plaintiff and his

similarly situated co-workers who are or were employed by Cushman & Wakefield ("Cushman"

or "Defendant") as Associate Appraisers, Junior Appraisers, Appraiser, and/or Senior Appraisers

(together, "Appraisers") in the United States.

2.　　　Plaintiff, a former Appraiser employed by Defendant, brings this action on behalf

of himself and other current and former Appraisers who were unlawfully classified as exempt

from overtime compensation and worked more than 40 hours in a workweek without overtime

premium pay, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*;

the D.C. Minimum Wage Act, D.C. Code §§ 32-1001 *et seq.* ("the DCMWA"); the D.C. Wage

Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* ("the DCWPCL"); and supporting District of Columbia and Department of Labor regulations (DCMWA, DCWPCL, and supporting D.C. wage regulations collectively "D.C. Wage Laws").

3.      Defendant operates approximately 400 offices around the world[1] and has more than 600 clients in North America.[2]

4.      Defendant is one of the largest commercial real estate firms in the world, with revenue reaching $6 billion annually.[3]

5.      Defendant employs Appraisers like Plaintiff and others similarly situated at its locations nationwide.

6.      Appraisers perform non-managerial work predominately consisting of inputting pre-determined data into a computer program that then auto generates reports.

7.      Plaintiff brings this action under the FLSA on behalf of himself and similarly situated current and former Appraisers who worked for Defendant anywhere in the United States and who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

8.      Plaintiff brings this action under the DCMWA on behalf of himself and similarly situated current and former Appraisers who worked for Defendant in the District of Columbia and who elect to opt into this action pursuant to the collective-action provision of the FLSA, 29

---

[1]      http://www.cushmanwakefield.com/en/about-us (last visited on June 14, 2018).

[2]      https://cwservices.com/who-we-are/ (last visited on June 14, 2018).

[3]      http://cushwakechicago.com/ (last visited on June 14, 2018).

U.S.C. § 216(b), which is incorporated in the DCMWA.[4]

9.      Plaintiff also brings this action on behalf of himself and similarly situated current

and former Appraisers who worked in the District of Columbia pursuant to Super. Ct. Civ. R. 23

and D.C. Code § 32-1308, to remedy violations of the DCMWA and DCWPCL and the

supporting District of Columbia regulations.[5]

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction pursuant to D.C. Code §11-921.

11.      Personal jurisdiction is proper because Defendant transacts business in the District

of Columbia, where the Plaintiff's claims arose.  D.C. Code § 13-423.

## THE PARTIES

**Plaintiff Ryan Seltz**

12.      Plaintiff is an adult individual who is a resident of Washington, DC.

13.      Plaintiff was employed by Defendant from approximately May 2017 through

October 2017.

14.      During his employment with Defendant, Plaintiff worked as an Appraiser in

Washington, D.C.

15.      As a Cushman Appraiser, Plaintiff regularly worked more than 40 hours per

week, and frequently worked approximately 55 hours per week, without being paid overtime.

---

[4]      Plaintiff pleads the DCMWA as a collective action for the time period of December 5, 2014 through February 25, 2015, when the DCMWA was amended to permit plaintiffs to bring DCMWA allegations as class actions.  *See* D.C. Code § 32-1308(a)(1)(C)(iv).

[5]      Plaintiff pleads the DCMWA as a class action for the time period of February 26, 2015 through present which is the time period after the DCMWA was amended to permit plaintiffs to bring DCMWA allegations as class actions.  *See* D.C. Code § 32-1308(a)(1)(C)(iv).

16.    Plaintiff is a covered employee within the meaning of the FLSA and D.C. Wage Laws.

17.    Plaintiff's written consent to join a collective action under 29 U.S.C. § 216(b) is attached as Exhibit A.

**Defendant Cushman & Wakefield, Inc.**

18.    Defendant operates 140 offices in the United States, including one office in Washington, D.C.[6]

19.    Cushman's global headquarters is located in Chicago, Illinois.

20.    Defendant is a covered employer within the meaning of the FLSA and D.C. Wage Laws and at all relevant times employed Plaintiff and similarly situated current and former Appraisers.

21.    Defendant has the power to control the terms and conditions of employment for Plaintiff and those similarly situated, including with respect to their compensation and classification as exempt or non-exempt employees.

22.    During relevant times, Defendant maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to timekeeping, payroll, and other employment practices that applied to them.

23.    Defendant applies the same employment policies, practices, and procedures to all Appraisers.

24.    Defendant uniformly classified Plaintiff and other Appraisers as exempt from overtime.

---

[6]    http://www.cushmanwakefield.com/en/offices/search-results?loc=%7bA6E7C201-E5D4-4945-806E-2C388E75D47B%7d&name=United+States&page=9 (last visited on June 14, 18).

4

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA AND DCMWA

25.    Plaintiff brings the First Cause of Action pursuant to the FLSA, 29 U.S.C. §

216(b), on behalf of himself and all similarly situated Appraisers who Defendant classified as

exempt from overtime requirements, who worked more than 40 hours a week for Defendant in

the United States at any time between December 5, 2014 and the date of final judgment in this

matter, and who elect to join this action (the "FLSA Collective").[7]

26.    Plaintiff brings the Second Cause of Action pursuant to the DCMWA, D.C. Code

§ 32-1012, on behalf of himself and all similarly situated Appraisers who Defendant classified as

exempt from overtime requirements, who worked more than 40 hours a week for Defendant in

the District of Columbia at any time between December 5, 2014, and February 25, 2015, and

who elect to join this action (the "DCMWA Collective").

27.    Plaintiff and the FLSA and DCMWA Collectives are similarly situated in that

they have substantially similar or the same primary job duties and were subject to Defendant's

common compensation policies, patterns, and/or practices, including without limitation

Defendant's misclassification of Appraisers as exempt from the overtime protections of the

FLSA and DCMWA.

28.    Plaintiff and the FLSA and DCMWA Collectives all perform or performed the

same primary duties.

29.    Defendant is liable under the FLSA and DCMWA for, *inter alia*, failing to

properly compensate Plaintiff.  There are many similarly situated current and former Appraisers

who have been underpaid in violation of the FLSA and DCMWA who would benefit from the

---

[7]    The federal and state wage and hour claims of Plaintiff and similarly situated Appraisers
were tolled during the period from December 5, 2017, pursuant to an agreement of the parties.

issuance of a court-supervised notice of the present lawsuit and the opportunity to join this

lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable,

and can be located through Defendant's records. Notice should be sent to the FLSA and

DCMWA Collectives pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308(a)(1)(C),

respectively.

30.     All the work that Plaintiff and the FLSA and DCMWA Collectives have

performed has been assigned by Defendant, and/or Defendant has been aware of all the work that

Plaintiff and the FLSA and DCMWA Collectives have performed.

31.     As part of their regular business practice, Defendant has intentionally, willfully, and

repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and DCMWA with

respect to Plaintiff and the FLSA and DCMWA Collectives. This policy and pattern or practice

includes, but is not limited to:

> a.     willfully failing to pay Plaintiff and the members of the FLSA and
> DCMWA Collectives overtime for hours that they worked in excess of 40
> hours per workweek;
>
> b.     willfully misclassifying Plaintiff and the members of the FLSA and
> DCMWA Collectives as exempt from the overtime protections of the FLSA
> and DCMWA; and
>
> c.     willfully failing to record all of the time that its employees, including
> Plaintiff and the FLSA and DCMWA Collectives, have worked for the
> benefit of Defendant.

32.     Defendant is aware or should have been aware that federal and D.C. law required

it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA

and DCMWA Collectives, an overtime premium for hours worked in excess of 40 per workweek.

## CLASS ACTION ALLEGATIONS UNDER THE DCMWA AND DCWPCL

33.    Plaintiff also brings the Second Cause of Action, the DCMWA claim, under Super. Ct. Civ. R. 23 and D.C. Code § 32-1308, on behalf of himself and a class of all Appraisers employed by Defendant in the District of Columbia between February 26, 2015 and the date of final judgment in this matter whom Defendant (1) did not pay all wages earned, including overtime wages, and/or (2) did not pay all wages due promptly after resignation or termination (the "DCMWA Class").

34.    Plaintiff brings the Third Cause of Action, the DCWPCL claims, Super. Ct. Civ. R. 23 and D.C. Code § 32-1308, on behalf of himself and the D.C. Class employed by Defendant in the District of Columbia between December 5, 2014 and the date of final judgment in this matter whom Defendant (1) did not pay all wages earned, including overtime wages, at least twice during each calendar month on regular paydays and/or (2) did not pay all wages due promptly after resignation or termination (the "DCWPCL Class").

35.    Excluded from the DCMWA Class and the DCWPCL Class (together, the "D.C. Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the D.C. Class.

36.    The persons in the D.C. Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

37.     Upon information and belief, the size of the D.C. Class is at least 20 workers.

38.     Defendant acted or refused to act on grounds generally applicable to the D.C. Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the D.C. Class as a whole.

39.     The Second and Third Causes of Action are properly maintainable as a class action under Super. Ct. Civ. R. 23 and D.C. Code § 32-1308.  There are questions of law and fact common to the D.C. Class that predominate over any questions solely affecting individual members of the D.C. Class, including but not limited to:

    a.  whether Defendant is subject to the requirements of the DCMWA and DCWPCL;

    b.  whether Defendant met their obligations under the DCMWA and DCWPCL to timely pay Plaintiff and the D.C. Class all wages earned, including overtime wages, during their employment;

    c.  whether Defendant met their obligations under the DCMWA and DCWPCL to timely pay Plaintiff and the D.C. Class all wages earned, including overtime wages, upon resignation or termination;

    d.  whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the D.C. Class;

    e.  what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

    f.  the nature and extent of D.C. Class-wide injury and the appropriate measure of damages for the D.C. Class.

40.     Plaintiff's claims are typical of the claims of the D.C. Class he seeks to represent. Plaintiff, and the other D.C. Class members work or have worked for Defendant and have been subject to its policy and pattern or practice of failing to timely pay for all hours worked in a workweek, including all overtime hours.  Defendant acted and refused to act on grounds generally applicable to the D.C. Class, thereby making declaratory relief with respect to the D.C.

Class appropriate.

41.     Plaintiff will fairly and adequately represent and protect the interests of the D.C.

Class.  Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility

to the D.C. Class to represent its interests fairly and adequately.  Plaintiff recognizes that as a

class representative, he must represent and consider the interests of the D.C. Class just as he

would represent and consider his own interests.  Plaintiff understands that in decisions regarding

the conduct of the litigation and its possible settlement, he must not favor his own interests over

those of the D.C. Class.  Plaintiff recognizes that any resolution of a class action lawsuit,

including any settlement or dismissal thereof, must be in the best interests of the D.C. Class.

Plaintiff understands that in order to provide adequate representation, one must remain informed

of developments in the litigation, cooperate with class counsel by providing them with

information and any relevant documentary material in one's possession, and testify, if required,

in a deposition and in trial.

42.     Plaintiff has retained counsel competent and experienced in complex class action

employment litigation.

43.     A class action is superior to other available methods for the fair and efficient

adjudication of this litigation – particularly in the context of wage litigation like the present

action, where individual plaintiffs may lack the financial resources to vigorously prosecute a

lawsuit against a corporate defendant.  The members of the D.C. Class have been damaged and

are entitled to recovery as a result of Defendant's common and uniform policies, practices, and

procedures.  Although the relative damages suffered by individual members of the D.C. Class are

not *de minimis*, such damages are small compared to the expense and burden of individual

prosecution of this litigation.  In addition, class treatment is superior because it will obviate the

need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

44.     This action is properly maintainable as a class action under Super. Ct. Civ. R. 23 and D.C. Code § 32-1308.

## COMMON FACTUAL ALLEGATIONS

45.     Plaintiff and the members of the D.C. Class, FLSA Collective, and the DCMWA Collective (collectively, "Class Members") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and D.C. Wage Laws by denying them overtime pay and timely payment of all wages earned.

46.     Upon information and belief, Plaintiff and the Class Members worked more than 40 hours during most weeks in which they worked for Defendant.

47.     Upon information and belief, Plaintiff and the Class Members were commonly scheduled to work for approximately 55 hours per week.

48.     Defendant failed to pay Plaintiff and the Class Members overtime compensation for hours they worked over 40 in a workweek.

49.     Defendant failed to keep accurate records of the hours that Plaintiff and the Class Members worked.

50.     All of the work that Plaintiff and the Class Members have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the Class Members performed.

51.     Pursuant to a centralized, company-wide policy, pattern or practice that was authorized, established, promulgated, and/or ratified by its corporate headquarters, Defendant classified Plaintiff and the Class Members as exempt from the overtime protections of the FLSA

and DCMWA, and the timely payment requirements of the DCWPCL.

52.  Defendant's classification determination did not vary depending on the location where Appraisers worked.

53.  Defendant did not perform a person-by-person analysis of every Appraisers' job duties in making its decision to classify all Appraisers as exempt.

54.  Plaintiff and the Class Members performed the same primary job duties.

55.  Plaintiff and the Class Members' primary duties were non-exempt duties including:

    a.  pulling real estate data from the internet and databases;

    b.  inputting data into a computer program;

    c.  following prescribed appraisal procedures;

    d.  conducting ordinary inspection work; and

    e.  and utilizing highly systematized computer software to generate automated reports.

56.  Plaintiff's and the Class Members' primary duties were not directly related to Defendants' or Defendants' customers' management or general business operations.

57.  Plaintiff's and the Class Members' primary duties did not include the exercise of discretion and independent judgment regarding matters of significance.  In that regard, Plaintiff and the Class Members do not:

    a.  determine what financial products best meet the clients' needs;

    b.  advise customers regarding the advantages or disadvantages of certain financing; or

    c.  lead a team of other employees to complete projects, such as negotiating a real estate transaction.

58.     Plaintiff's and Class Members' primary duties did not involve the performance of work requiring advanced knowledge in a field of science or learning acquired through prolonged course of specialized instruction.

59.     Plaintiff's and Class Members' primary duty did not involve the performance of work that required a specific educational degree.

60.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and D.C. Wage Laws with respect to Plaintiff and the Class Members.  This policy and pattern or practice includes but is not limited to:

   a.   willfully misclassifying Plaintiff and the Collective Members as exempt from the requirements of the FLSA, DCMWA, and DCWPCL; and

   b.   willfully failing to timely pay its employees, including Plaintiff and the Class Members, overtime wages and all wages earned for hours that they worked in excess of 40 per week.

61.     Defendant is aware or should have been aware that federal and D.C. law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 hours per week.

**<u>FIRST CAUSE OF ACTION</u>**
**Fair Labor Standards Act:  Unpaid Overtime Wages**
**On Behalf of Plaintiff and the FLSA Collective**

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     At all relevant times, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

65.     Defendant was an employer of Plaintiff and the FLSA Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66.     At all relevant times, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

67.     Defendant has failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

68.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

69.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

70.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### DCMWA:  Unpaid Overtime Wages
### On behalf of Plaintiff, the D.C. Class, and the DCMWA Collective

71.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.     At all times relevant, Plaintiff and the members of the DCMWA Collective and

D.C. Class have been employees and Defendant has been an employer within the meaning of the DCMWA.

73.     Plaintiff and the members of the DCMWA Collective and D.C. Class are covered by the DCMWA.

74.     Defendant failed to pay Plaintiff and the members of the DCMWA Collective and D.C. Class wages to which they are entitled under DCMWA, D.C. Code Ann. § 32-1003(c).

75.     Defendant failed to pay Plaintiff and the members of the DCMWA Collective and D.C. Class overtime for hours worked over 40 in a workweek.

76.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the DCMWA Collective and D.C. Class members.

77.     Due to Defendant's violations of the DCMWA, Plaintiff and the members of the DCMWA Collective and D.C. Class are entitled to recover from Defendant their unpaid wages, liquidated damages equal to treble the amount of unpaid wages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

**THIRD CAUSE OF ACTION**
**DCWPCL:  Failure to Timely Pay All Earned Wages**
**On behalf of Plaintiff and the D.C. Class**

78.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.     At all times relevant, Plaintiff and the members of the DCWPCL Class have been employees and Defendant has been an employer within the meaning of the DCWPCL.

80.     Plaintiff and the members of the DCWPCL Class are covered by the DCWPCL.

81.     Defendant failed to timely pay Plaintiff and the members of the DCWPCL Class all wages earned, as required by DCWPCL, D.C. Code Ann. § 32-1302.

82.     Defendant failed to pay Plaintiff and the members of the DCWPCL Class overtime wages for hours worked over 40 in a workweek.

83.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the DCWPCL Class members.

84.     Due to Defendant's violations of the DCWPCL, Plaintiff and the members of the DCWPCL Class are entitled to recover from Defendant their unlawfully withheld wages, liquidated damages equal to treble the amount of unpaid wages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are members of the FLSA and DCMWA Collectives.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime;

B.     Unpaid overtime and liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations, D.C. Code Ann. §§ 32-1301 *et seq.* and D.C. Code Ann. §§ 32-1001 *et seq.*;

C.     An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

D.     Pre-judgment and post-judgment interest;

E.     Attorneys' fees and costs of the action, including expert fees;

F.      Certification of this action as a class action under Super. Ct. Civ. R. 23 and D.C.

        Code § 32-1308 for the DCMWA Class and DCWPCL Class;

G.      Designation of Plaintiff as a Class Representative;

H.      Payment of service awards to Plaintiff, in recognition of the services he rendered,
        and will continue to render, to the FLSA Collective; DCMWA Collective,
        DCMWA Class, and DCWPCL Class;

I.      A declaratory judgment that the practices complained of herein are unlawful; and

J.      Such other relief as the Court deems just and proper.

Dated: June 29, 2018

                                            Respectfully submitted,


                            By:     _____
                                    **OUTTEN & GOLDEN LLP**
                                    Sally J. Abrahamson (999058)
                                    601 Massachusetts Avenue NW
                                    Second Floor West Suite
                                    Washington, D.C. 20001
                                    Telephone: 202-847-4400
                                    Facsimile: 202-847-4410
                                    sabrahamson@outtengolden.com

                                    Justin M. Swartz (*pro hac vice* admission
                                    forthcoming)
                                    Deirdre Aaron (*pro hac vice* admission
                                    forthcoming)
                                    685 Third Avenue, 25th Floor
                                    New York, NY 10017
                                    Telephone: 212-245-1000
                                    Facsimile: 646-509-2060
                                    daaron@outtengolden.com
                                    jms@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* admission
forthcoming)
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
gshavitz@shavitzlaw.com

*Attorneys for Plaintiff and the Putative
Classes and Collectives*

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

1.      I consent to be a party plaintiff in a lawsuit against Cushman & Wakefield, Inc. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. and the D.C. Minimum Wage Act, D.C. Code §§ 32-1001 et seq.

2.      By signing and returning this consent form, I designate Outten & Golden LLP and Shavtiz Law Group, PA (collectively, "the Firms") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firms will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3.      I also consent to join any separate or subsequent action to assert my claim against Cushman & Wakefield, Inc., and/or related entities and individuals potentially liable.

DocuSigned by:

*Ryan Seltz* _____
D3870AAFC32A461...
Signature

Ryan Seltz
_____
Full Legal Name (print)

770 Fifth Street NW, Apt. 1202
_____
Street Address

Washington, DC 20001
_____
City, State and Zip Code

312-209-0665
_____
Phone Number

ryan.jd.seltz@gmail.com
_____
Email Address

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

RYAN SELTZ

Case Number: **2018 CA 004710 B**

vs

Date: June 26, 2018

CUSHMAN & WAKEFIELD, INC.

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Sally J. Abrahamson | ☒ Attorney for Plaintiff |
| Firm Name: Outten & Golden LLP | ☐ Self (Pro Se) |
| Telephone No.: 202-847-4400    Six digit Unified Bar No.: 999058 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury

Demand: $ __228,000,000.__    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____ Judge: _____ Calendar #:_____

Case No.:_____ Judge: _____ Calendar#:_____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**              **COLLECTION CASES**
  (Failure to pay overtime wages)

☒ 01 Breach of Contract ☐ 14 Under $25,000 Pltf. Grants Consent ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty ☐ 17 OVER $25,000 Pltf. Grants Consent ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument ☐ 27 Insurance/Subrogation ☐ 26 Insurance/Subrogation
☐ 07 Personal Property       Over $25,000 Pltf. Grants Consent       Over $25,000 Consent Denied
☐ 13 Employment Discrimination ☐ 07 Insurance/Subrogation ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees       Under $25,000 Pltf. Grants Consent       Under $25,000 Consent Denied
☐ 28 Motion to Confirm Arbitration
      Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile ☐ 03 Destruction of Private Property ☐ 05 Trespass
☐ 02 Conversion ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process ☐ 10 Invasion of Privacy ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection ☐ 11 Libel and Slander       Not Malpractice)
☐ 03 Assault and Battery ☐ 12 Malicious Interference ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 14 Malpractice Legal ☐ 20 Friendly Suit
☐ 06 False Accusation ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☐ 07 False Arrest ☐ 16 Negligence- (Not Automobile, ☐ 22 Toxic/Mass Torts
☐ 08 Fraud       Not Malpractice) ☐ 23 Tobacco
                                  ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

# Information Sheet, Continued

## C. OTHERS

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
   (DC Code § 11-941)
☐ 10  Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
   (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
   Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

## II.

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
   Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
   Judgment [ D.C. Code §
   2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
   42-3301, et seq.)

☐ 21 Petition for Subpoena
   [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
   (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

## D.  REAL PROPERTY

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____ /s/ Sally J. Abrahamson _____      June 26, 2018

Attorney's Signature                 Date

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

RYAN SELTZ
_____
                                    Plaintiff

vs.

CUSHMAN & WAKEFIELD, INC.                         Case Number   **2018 CA 004710 B**
225 W. Wacker Drive, Ste 300
Chicago, IL 60606
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Sally J. Abrahamson
_____                    _Clerk of the Court_
Name of Plaintiff's Attorney

601 Massachusetts Ave. NW, 2nd Fl West Ste        By _____
Address                                                                              Deputy Clerk
Washington, D.C. 20001
_____
202-847-4400                                             Date   **07/03/2018**
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시요.        ያማርኛ  አስተርጓሚ  ካስፈለገዎ  (202) 879-4828  ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                              Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

Por: _____

_____
Dirección                                          Subsecretario

_____

Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bản dịch, hãy gọi (202) 879-4828

만약 번역을 원하시면 (202) 879-4828로 전화주십시오           የአማርኛ  ትርጉም  ከፈለጉ  (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

RYAN SELTZ
   Vs.                                        C.A. No.      2018 CA 004710 B
CUSHMAN & WAKEFIELD, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge WILLIAM M JACKSON
Date:  July 3, 2018
Initial Conference: 9:30 am, Friday, September 28, 2018
Location:   Courtroom 219
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(Civil Actions Branch)

| | |
|---|---|
| RYAN SELTZ<br>c/o Outten & Golden LLP<br>601 Massachusetts Ave. NW, Suite 200W<br>Washington, DC 20001<br><br>Plaintiff,<br><br>v.<br><br>CUSHMAN & WAKEFIELD, INC.<br>225 W. Wacker Drive, Suite 300<br>Chicago, IL 60606<br><br>Defendant. | PROOF OF SERVICE RE CLASS<br>AND COLLECTIVE ACTION<br>COMPLAINT<br><br>Civil Action No.<br>2018-CA-004710 B |

## **PROOF OF SERVICE**

I, Sara Olson, under penalties of perjury, certify that the following is true and correct: I am not a party to this action and am over 18 years of age. On the 16th of August 2018, I caused to be served true and correct copies of the following documents in the above-captioned case by Certified Mail and Email:

- Summons;
- Class and Collection Action Complaint; and
- Initial Order and Addendum

to the following attorney for Defendant and who has agreed to accept service on behalf of Defendant at counsel's last known address:

Joseph K. Mulherin
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL 60601

Dated: New York, New York
August 16, 2018

Sara Olson, Paralegal
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel: (212) 245-1000
Fax: (646) 509-2060